**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 16 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MICHAEL JOHN AVENATTI, AKA
Michael J. Avenatti,

Defendant-Appellant.

No.    21-50225

D.C. Nos.
8:19-cr-00061-JVS-1
8:19-cr-00061-JVS

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted March 10, 2022
Pasadena, California

Before:  TALLMAN and FRIEDLAND, Circuit Judges, and KORMAN,[**] District
Judge.

Defendant Michael J. Avenatti was indicted on charges relating to an alleged

scheme to defraud five of his law firm clients of their settlement monies.  Towards

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Edward R. Korman, United States District Judge for
the Eastern District of New York, sitting by designation.

the end of the prosecution's case-in-chief, Avenatti moved for a dismissal or mistrial based on the government's late production of accounting data that he says was critical to the defense case. Although the district court found that the accounting data constituted *Brady* material and granted Avenatti's request for a mistrial so that he might have time to review the data for possible use at his retrial, the court twice denied Avenatti's motions to dismiss the indictment. Avenatti now appeals from the district court's pretrial order denying his motions to dismiss.

On interlocutory appeal, Avenatti argues that the district court erred because (1) a retrial would violate the Double Jeopardy Clause of the Fifth Amendment; (2) a retrial is barred by Avenatti's due process rights and the court's proper exercise of its supervisory powers; and (3) alternatively, the district court was required to conduct an evidentiary hearing before denying his motions to dismiss. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and dismiss in part.

1.     The district court did not err in denying Avenatti's motions to dismiss on double jeopardy grounds. To succeed on this claim, Avenatti was required to establish that the prosecution's conduct giving rise to the motion was "intended to 'goad' [him] into moving for a mistrial." *Oregon v. Kennedy*, 456 U.S. 667, 676 (1982). But the district court expressly found that "[n]o 'goading' occurred," because the data was withheld by the government due to mere "inadvertence and a failure to appreciate what was there." Since Avenatti fails to show these findings

are clearly erroneous, this claim fails. *See United States v. Lopez-Avila*, 678 F.3d 955, 961–63 (9th Cir. 2012).

2.      We lack jurisdiction over Avenatti's due process and supervisory powers claims. The immediate appealability of a particular pretrial order is analyzed on a claim-by-claim basis, and the appealability of one claim "will not confer pendent appellate jurisdiction over defendants' other claims." *United States v. Yellow Freight Sys., Inc.*, 637 F.2d 1248, 1251 (9th Cir. 1980). Here, although we have jurisdiction over the district court's denial of Avenatti's motion to dismiss on double jeopardy grounds, *see Abney v. United States*, 431 U.S. 651, 662 (1977), this does not confer jurisdiction over the denials based on due process and supervisory powers grounds. Because Avenatti's due process and supervisory powers claims do not independently fall within the collateral-order exception to the final judgment rule, we currently lack jurisdiction to consider them.

3.      Avenatti's argument that the district court abused its discretion by refusing to hold an evidentiary hearing to determine the intent of the prosecution also fails. Avenatti argues that the district court had "no evidentiary record to support its 'findings' that the government had not committed misconduct." But the court clearly had an evidentiary record supporting its findings. It presided over the entire proceedings including extensive discovery practice, conducted both pre-trial and mid-trial motions hearings, and heard fifteen days' worth of trial testimony

3

before the first motion to dismiss was filed. The presiding judge was very familiar with the record underlying Avenatti's motions and was uniquely positioned to evaluate and characterize the conduct of the government. *See United States v. Hagege*, 437 F.3d 943, 952–53 (9th Cir. 2006).

**AFFIRMED IN PART AND DISMISSED IN PART.**

4